UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBERT EARL BROOKS, JR.        )
                               )
v.                             )     Case No. 1:14-cv-45
                               )     *Mattice/Carter*
ARVIN REINGOLD, *City Judge for* )
*East Ridge, Tennessee*, and     )
OFFICER C. RITCHY              )

REPORT AND RECOMMENDATION

Plaintiff Robert Earl Brooks, Jr., *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude the complaint does not set forth a claim for which relief can be granted as to one defendant and seeks monetary damages against another defendant who is immune from such damages, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be

1

granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that defendant C. Ritchie, a police officer for the city of East Ridge, Tennessee, on November 23, 2010, "submitted a false affidavit of complaint" to justify plaintiff's arrest on seven counts of aggravated assault which were dismissed for lack of evidence on April 12, 2011. Plaintiff further alleges that after dismissal of the charges, East Ridge City Judge Arvin Reingold "refused to release confiscated property belonging to the Plaintiff" until plaintiff filed a complaint with the Tennessee Board of Judicial Conduct (Board) and the Board ordered Judge Reingold on December 2, 2013 to return the property.

Plaintiff has brought this action for compensatory damages against Officer Ritchie for an alleged Fourth Amendment violation under 42 U.S.C. § 1983, a federal civil rights statute. However, "[i]n Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action." *Irick v. Ray*, 628 F.3d 787, 789 (6th Cir. 2010) (citing Tenn. Code. Ann. § 28–3–104(a)(3); *Cox v. Shelby State Cmty. Coll.,* 48 Fed.Appx. 500, 506–07 (6th Cir.2002)), *accord Quinn v. Currie*, 2014 WL 289009 *5 (W.D. Tenn. Jan. 27, 2014). All charges stemming from the allegedly false affidavit submitted by Ritchie were dismissed on April 12, 2011.

Accordingly, it is clear plaintiff's claim against Officer Ritchie accrued more than one year before plaintiff filed this action on February 2, 2014, and it is barred by the statute of limitations.

As for the claim brought against Judge Reingold, he is entitled to judicial immunity. Judicial immunity attaches to actions undertaken in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-229 (1988). An action taken in a judicial capacity is a function normally performed by a judge. *See Stump v. Sparkman,* 435 U.S. 349 (1978). An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (citing *Stump*, 435 U.S. at 356-59). It appears that the confiscation of plaintiff's property was undertaken as part of the criminal charges brought against the plaintiff. Thus, whether Judge Reingold was right or wrong in ordering the alleged continued detention of plaintiff's property, that order would have been undertaken in his official capacity as city judge of East Ridge.

For the reasons stated herein, it is RECOMMENDED this action be DISMISSED[1] without prejudice and the *in forma pauperis* be DENIED as moot.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).